UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60670-CIV-DIMITROULEAS/ROSENBAUM

FRANK R. ZOKAITES,

    Plaintiff,

vs.

3236 NE 5TH STREET, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Plaintiff's Motion for Bill of Costs [D.E. 66] based upon an Order of Reference [D.E. 67] entered by the Honorable William P. Dimitrouleas pursuant to 28 U.S.C. § 636. Upon review of the Motion, Defendant's Memorandum in Partial Opposition to Plaintiff's Motion for Bill of Costs [D.E. 86], Plaintiff's Reply to Defendant's Memorandum in Partial Opposition to Plaintiff's Motion for Court Costs [D.E. 88], and the Court file in this matter, the Court recommends that Plaintiff's Motion be granted, and that Plaintiff be awarded costs of $7,487.08 in this matter.

*I. BACKGROUND*

The underlying lawsuit involves claims asserted by Plaintiff against Defendant for breach of contract and specific performance. Specifically, Plaintiff entered into two purchase agreements in connection with the construction of two condominium units in the Ocean Place at Silver Beach Condominium Project. Plaintiff asserts that Defendant failed to complete the units as required by the purchase agreements. Hence, Plaintiff filed the Complaint against Defendant for breach of

1

contract and specific performance. Additionally, Plaintiff filed a Notice of *Lis Pendens* with respect to both of the units at issue. *See* D.E. 6 at Ex. A. Subsequently, Defendant also filed a Motion for Discharge of Lis Pendens Or In The Alternative Request For an Evidentiary Hearing to Determine Appropriate Bond ("Motion to Discharge"). [D.E. 6]. On November 8, 2007, the Court held an evidentiary hearing on the Motion for Discharge during which the Court heard argument of counsel as well as testimony from witnesses Gregory Korchmar and Frank Zokaites. [D.E. 26]. The Motion to Discharge was denied in part as to the Discharge of the Lis Pendens and granted in part as to the Defendant's request that the Court require Plaintiff to post a bond. [D.E. 27]. Following a bench trial, the Honorable William P. Dimitrouleas entered a Final Judgment in favor of the Plaintiff. [D.E. 62].

In Plaintiff's Motion for Bill of Costs, Plaintiff requests reimbursement of $350.00 in clerk fees; $60.00 in service of summons fees; $6,588.58 in court reporter fees, including deposition and hearing transcripts; and $488.50 in printing costs, for a total amount of costs of $7,487.08. In Defendant's Memorandum in Partial Opposition to Plaintiff's Motion for Bill of Costs, Defendant objects only to Plaintiff's claim for $850.00 for the November 8, 2007, *lis pendens* hearing transcript and $475.90 for the deposition transcript of Barry Didinsky. [D.E. 86].

First, Defendant contends that Plaintiff should not be permitted to recover for the costs incurred for the deposition of Barry Didinsky because the transcript was not introduced into evidence at the trial or any other proceeding in the matter. Second, Defendant argues that Plaintiff should not recover the costs he incurred in obtaining a transcript of the *lis pendens* hearing held on November 8, 2007, because (1) the hearing transcript was not introduced into evidence, and (2) Defendant does not object to the cost of the separate deposition transcripts of both Mr. Zokaites and Mr. Korchmar,

the only two witnesses who testified at the hearing, implying that Defendant should not also have to incur the cost of the hearing transcript.

## II. ANALYSIS

### A. Motion for Bill of Costs

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[1] Congress has delineated which costs are recoverable under Rule 54(d), Fed. R.Civ. P. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co.*, 482 U.S. at 440-44. The Court may not tax as costs any items not authorized by statute. *Id.*; *see also United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Morrison v. Reichhold Chemicals, Inc.* 97 F.3d 460, 464-65 (11th Cir. 1996); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990). When challenging whether costs are taxable, it is the losing party's burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed costs is within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp.2d 1272, 1288 (M.D. Fla. 2005); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).

---

[1] Rule 54(d)(1) provides that "except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

In this case, Plaintiff is the prevailing party. Consequently, he is presumptively entitled to an award of costs. Defendant does not challenge all cost requests, so the Court will discuss only those costs to which Defendant objects.

**1.      Deposition Transcript of Barry Didinsky**

Defendant objects to the cost of $475.90 for the deposition transcript of Barry Didinsky, asserting specifically that these charges are not recoverable because the transcript was not introduced into evidence or any proceeding in the action. Defendant also claims that Mr. Didinsky's deposition was unnecessary, as he was not an important witness in the case. While Defendant argues that the charges as a whole are not recoverable under the circumstances, Defendant does not complain about the specific cost of the deposition.

Plaintiff, on the other hand, counters that Mr. Didinsky was, in fact, an important witness. As Plaintiff notes, Defendant, in an e-mail to Plaintiff's counsel dated October 15, 2007, in reference to the November 8, 2007, *lis pendens* hearing, indicated that Defendant would call Barry Didinsky to testify as to contracts and closings in the building complex. [D.E. 88, Ex. 1].

Under § 1920(2), costs are recoverable for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* As the Eleventh Circuit has observed, Section 1920(2) authorizes taxation of deposition costs. *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)*; Morrison v. Reichhold Chemicals, Inc.* 97 F.3d 460, 464-65 (11th Cir. 1996). "The question of whether costs of a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *EEOC*,

213 F.3d at 621 (citing *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981)[2] (quoting § 1920(2)).  While admission into evidence or use during cross-examination at trial tends to demonstrate that a deposition transcript was necessarily obtained, "[i]t is not necessary to use a deposition at trial to be taxable . . . ." *EEOC*, 213 F.3d at 621; *see e.g., Kolestar*, 313 F.2d at 840 ("[T]he utility (and necessity) for a deposition is not alone measured by whether all or any part of it is formally offered in evidence as such.").  Further, "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." *Lovett v. KLLM, Inc.*, 2007 WL 983192, * 6 (N.D. Ga. March 26, 2007) (citing *EEOC*, 213 F.3d at 620-22).  "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success. . . ." *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 3 (M.D. Fla. February 21, 2007) (citing *EEOC*, 213 F.3d at 621).

Because the parties presumably have equal knowledge of the basis for each deposition, the burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. *EEOC*, 213 F.3d at 621 (citing *Independence Tube Corp. v. Cooperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982)); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1571 (N.D. Ga. 1992)("since both parties should be aware of the reasons to take a deposition, the non-prevailing party should explain why the court should not grant that cost."), *aff'd*, 998 F.2d 1023 (11th Cir. 1993); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp.

---

[2] Decisions rendered by Unit B of the former Fifth Circuit constitute binding precedent in the Eleventh Circuit.  *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

906, 910 n.1 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).

Pursuant to the statutes and case law in this circuit, the Court finds that Mr. Didinsky's deposition did not need to be admitted into evidence, used at trial, or relied upon in any proceedings by the prevailing party to be "necessarily obtained for use in the case," and, thus, taxable. Moreover, Defendant has failed to show that "any portion of the depositions was not 'related to an issue which was present in the case at the time the deposition was taken.'" *EEOC*, 213 F.3d at 621 (citation omitted). Finally, and most significantly, Defendant's own representation that it intended to call Mr. Didinsky as a witness at the *lis pendens* hearing demonstrates that the deposition was, in fact, "necessarily obtained for use in the case" by Plaintiff. *See EEOC*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997). Consequently, the Court overrules Defendant's objections to the deposition costs of Barry Didinsky. As Defendant does not object to the amount of this cost, the Court recommends an award of the full cost of $475.90.

**2.     Transcript of *Lis Pendens* Hearing**

Defendant objects to the $850.00 charge for the *lis pendens* hearing transcript. In support of this position, Defendant argues that the transcript was not introduced into evidence, and notes that it does not object to the transcript costs of the two witnesses who testified at the hearing, Gregory Korchmar and Frank Zokaites. Plaintiff's reply counters that Mr. Korchmar, Defendant's corporate representative, testified extensively at the hearing regarding the disputed issues at trial, and the Court referred to the hearing in its Order Denying the Motion to Discharge *Lis Pendens*. [D.E. 27]. Therefore, Plaintiff contends, the hearing transcript was necessary to prepare for trial. Plaintiff further asserts that Mr. Korchmar was listed as a witness expected to testify at trial, that he had attended depositions, and that he had acted as the corporate representative. Although Mr. Korchmar

ultimately did not appear at trial, Plaintiff suggests that this fact has no relevance to the determination he made to order a transcript of the hearing, as Plaintiff had no way of knowing at the time that Mr. Korchmar would not appear at trial.

As previously discussed, § 1920(2) authorizes the recovery of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* Additionally, where a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party. *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 2001 WL 862642 (M.D. Fla. May 4, 2001).

Pursuant to the statutes and case law in this circuit, the Court finds that the *lis pendens* hearing transcript, similar to a deposition transcript, did not need to be entered into evidence at trial to be "necessarily obtained for use in the case." *EEOC*, 213 F.3d at 621; *see e.g., Kolestar*, 313 F.2d at 840 ("[T]he utility (and necessity) for a deposition is not alone measured by whether all or any part of it is formally offered in evidence as such."). The Court further concludes that it is irrelevant that the two witnesses at the hearing were deposed and those deposition transcript costs are not objected to by Defendant. Plaintiff required the additional testimony given at the hearing to prepare fully for trial. Mr. Korchmar was Defendant's key witness expected to testify at the trial. *EEOC*, 213 F.3d at 621, citing *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 717 (N.D. Ill. 1982) ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because...the plaintiff might need the...transcripts to cross-examine the witnesses"). Indeed, Mr. Korchmar's testimony at the *lis pendens* hearing directly addressed the issues in dispute. Therefore, it was necessary for Plaintiff to obtain a copy of the hearing transcript in order to prepare for trial.

Moreover, Plaintiff needed a copy of the hearing transcript in anticipation of any potential witness impeachment issues, regardless of whether Mr. Korchmar did, in fact, testify at the trial. Where, as here, an important witness has offered sworn prior testimony regarding the matters at issue in the trial, it is entirely reasonable and necessary to the prosecution of the case that the Plaintiff obtain both sworn prior statements. Furthermore, the Court's reference to the record of the *lis pendens* hearing independently deems the transcript copy reasonably necessary for use in Plaintiff's case. *Maris*, 2001 WL 862642 at *2. Consequently, it was necessary for Plaintiff to obtain a copy of the *lis pendens* hearing transcript for use in the case, and Plaintiff is entitled to recover the cost.

### 3.      Costs Not Challenged by Defendant

Defendant has challenged only some of the costs Plaintiff seeks to recover. Plaintiff seeks to recover a $350.00 filing fee, and Defendant does not challenge that cost. Plaintiff is entitled to this cost pursuant to 28 U.S.C. § 1920(1). *See For Play Ltd. v. Bow to Stern Maintenance, Inc.*, 2006 WL 3662339, * 10 (S.D. Fla. Nov. 6, 2006). Plaintiff also seeks a fee of $60.00 for payment of a private service processor for service of the summons and subpoenas. As noted above, private process server fees may be taxed and, thus, Plaintiff is entitled to this cost. *See, e.g. EEOC*, 213 F.3d at 624; *see, e.g., Lovett v. KLLM, Inc.*, 2007 WL 983192, * 7 (N.D. Ga. March 26, 2007). Plaintiff also seeks $488.50 for printing (photocopying) fees to which Defendant does not object. Plaintiff is entitled to such costs pursuant to 28 U.S.C. § 1920(4), which states that the costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." *Id.* ; *EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (holding that copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration were recoverable cost), *aff'd,* 914 F.2d 267 (11th

Cir. 1990). Lastly, Plaintiff seeks $6,161.18 for additional court reporter fees for transcripts other than Mr. Didinsky's deposition and the *lis pendens* hearing, which Defendant does not challenge. As noted above, under 28 U.S.C. § 1920(2) costs are recoverable for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Therefore, Plaintiff is entitled to such costs.

### *III. CONCLUSION*

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Bill of Costs [D.E. 66] be **GRANTED** in full and that Defendant be ordered to pay Plaintiff's costs in the amount of **$7,487.08**.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of October, 2008.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
U.S. MAGISTRATE JUDGE

cc:   The Honorable William P. Dimitrouleas
      Counsel of Record